UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY SUSSMAN,<br><br>                                Plaintiff,<br><br>v.<br><br>SAN DIEGO POLICE DEPARTMENT, et al.,<br><br>                                Defendants. | Case No.:  20cv1085-CAB-LL<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR RECUSAL OF THE MAGISTRATE JUDGE**<br><br>**[ECF No. 47]** |

On July 16, 2020, Plaintiff Nancy Sussman, proceeding *pro se*, filed an *Ex Parte* Motion for Recusal of Magistrate Judge Lopez. ECF No. 47. Specifically, Plaintiff Sussman stated that she "object[s] to have Magistrate Lopez for any purpose in this case." *Id.* The Court construes the Motion as an *Ex Parte* Motion for Recusal of Magistrate Judge Lopez.  Notably, Plaintiff's Motion is merely one sentence and fails to provide any reasons in support of her request. *Id.*

Although Plaintiff does not specify whether she brings her Motion under 28 U.S.C. § 455 or 28 U.S.C. § 144, her Motion fails under either standard because she fails to present any "*facts*" from which a "reasonable person" could "conclude that the judge's impartiality might reasonably be questioned. *See Yagman v. Republic Ins.* ("*Yagman II*"), 987 F.2d 622, 626 (9th Cir. 1993) (emphasis added) (quoting *In re Yagman* ("*Yagman I*"), 796 2d

1

1165, 1179 (9th Cir.), *amended,* 803 F.2d 1085 (9th Cir. 1986), *mandamus granted by Brown v. Baden*, 815 F.2d 575 (9th Cir.), *cert. denied*, *Real v. Yagman*, 484 U.S. 963 (1987)) (citing *United States v. Conforte*, 624 F.2d 869, 880-81 (9th Cir.), *cert. denied*, 449 U.S. 1012 (1980)).  Recusal is not warranted under either statute based on speculation. *See, e.g.*, *Clemens v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 428 F.3d 1175, 1180 (9th Cir. 2005) (citing *Yagman II*, 987 F.2d at 626). The Court therefore **DENIES** Plaintiff's *Ex Parte* Motion.

**IT IS SO ORDERED**.

Dated:  July 20, 2020

Honorable Linda Lopez
United States Magistrate Judge