UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY SUSSMAN, MICHAEL SUSSMAN ESTATE THEREOF BY AND THRU HIS SPECIAL ADMINISTER FOR THE ESTATE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO POLICE DEPARTMENT, et. al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 20cv1085-JO-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE THE JUDGMENT** |

On April 12, 2022, *pro se* Plaintiff Nancy Sussman filed what appears to be a motion to set aside a judgment issued by the Honorable Judge Dana Sabraw in a separate action. *See* Dkt. 140. For the reasons stated below, the Court denies the motion.

**A. Prior Action Filed by Plaintiff**

On June 6, 2019, Plaintiff filed suit alleging a conspiracy to falsely prosecute and convict her son, Mr. Sussman. *Nancy Sussman, et al. v. San Diego Police Dept., et al.*, Case No. 19cv1063 DMS (JLB) (the "Prior Action"). Judge Sabraw, who presided over the Prior Action, dismissed Plaintiff's second amended complaint with prejudice on November 4, 2019. *See* Prior Action Dkt. 110. On September 15, 2020, a panel of Ninth Circuit Judges affirmed Judge Sabraw's decision. *See* Prior Action Dkt. 128.

///

1

**B. Discussion**

The Court denies Plaintiff's motion to set aside Judge Sabraw's judgment because it does not have the authority to review another court's final order, nor to overrule the Ninth Circuit.[1]  Principles of "comity and orderly administration of justice" prevent this Court from setting aside a judgment that was not issued by it.  *See, e.g.*, *Treadaway v. Acad. of Motion Picture Arts & Scis.*, 783 F.2d 1418, 1421 (9th Cir. 1986) (upholding district court's refusal to set aside another court's final order); *Palomo v. Baba*, 497 F.2d 959, 960 (9th Cir. 1974) (noting that even a court on remand cannot act "in a manner inconsistent" with the Ninth Circuit's affirmance).  Here, the order that Plaintiff seeks to set aside was issued by Judge Sabraw in a separate case.  This Court has no role in reviewing such an order or setting it aside.  Moreover, the order that Judge Sabraw issued was subsequently affirmed by the Ninth Circuit.  This Court also does not have the authority to overrule or set aside the decision of the appellate court.  Accordingly, Plaintiff's motion to set aside the judgment [Dkt. 140] is DENIED.

**IT IS SO ORDERED**.

Dated:  December 5, 2022

_____
Hon. Jinsook Ohta
United States District Judge

---

[1] The Court further notes that even if the Court could set aside the judgment, which it cannot, Plaintiff has come nowhere close to meeting her "clear and convincing" burden to demonstrate fraud on the court under Rule 60(b).  *See Pizzuto v. Ramirez*, 783 F.3d 1171, 1181 (9th Cir. 2015).