UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY SUSSMAN, MICHAEL SUSSMAN ESTATE THEREOF BY AND THRU HIS SPECIAL ADMINISTER FOR THE ESTATE,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO POLICE DEPARTMENT, et. al.,<br><br>Defendants. | Case No.: 20cv1085-JO-MDD<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |

## I. BACKGROUND

*Pro se* Plaintiff Nancy Sussman originally filed a lawsuit alleging that various judges, attorneys, government entities, and private parties conspired to harm her and her son and violate their civil rights. On March 29, 2022, the Court dismissed Plaintiff's second amended complaint (the "SAC") in full and granted her leave to amend certain claims. Dkt. 139. On May 11, 2022, Plaintiff filed a third amended complaint (the "TAC") alleging only the following two claims: (1) abuse of process against Assistant District Attorney Wendy Patrick ("ADA Patrick"); and (2) violation of the implied covenant of good faith and fair dealing against her prior insurer, Allstate Northbrook Indemnity Company ("Allstate"). Allstate and ADA Patrick, the two remaining Defendants, moved

1

to dismiss Plaintiff's TAC for failure to state a claim. Dkts. 142, 146. For the reasons stated below, the Court grants Defendants' motions to dismiss.

## II. DISCUSSION

### A. Plaintiff's Abuse of Process Claim is Dismissed

Plaintiff's TAC realleges the same abuse of process claim against ADA Patrick that the Court dismissed in its March 29, 2022 order. *See* Dkt. 139 at 12–13. Because it is unclear from Plaintiff's pleading whether she brings this claim under § 1983 or state tort law, the Court will address each of these possible claims in turn.

First, Plaintiff fails to state an abuse of process claim against ADA Patrick under § 1983 because Plaintiff has again failed to plead a constitutional violation, despite being alerted to this deficiency in the Court's prior order. *See id.* To state a claim under § 1983, Plaintiff "must allege the violation of a right secured by the Constitution." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff continues to allege that ADA Patrick made untrue statements to the press that Plaintiff evaded the police, but does not identify a constitutional right that ADA Patrick violated. TAC ¶¶ 21–40. Although Plaintiff states that ADA Patrick's press statements caused Plaintiff reputational harm and emotional distress, "having one's reputation damaged does not constitute a due process deprivation within the meaning of § 1983." *Johnstone v. Just*, 956 F.2d 1167 (9th Cir. 1992); *Naliielua v. State of Hawaii*, 940 F.2d 1535 (9th Cir. 1991) (holding emotional distress not a cognizable harm under § 1983 absent a violation of federal law). Thus, because Plaintiff's abuse of process claim does not allege violation of a constitutional right, it does not state a claim under § 1983.

Second, to the extent Plaintiff's abuse of process claim is brought under state tort law, it remains insufficient for failure to plead compliance with the California Tort Claims Act. Under the CTCA, Plaintiff must plead "timely presentation of a written claim and [] rejection" or "circumstances excusing compliance" before she can bring a tort claim against a government official. *Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); Cal. Gov. Code §§ 911.2, 945.4. Plaintiff has not pleaded any facts

1  indicating that she has complied with the CTCA prior to bringing a tort claim against ADA
2  Patrick.  Nor has Plaintiff pleaded that there are circumstances which excuse compliance
3  with the CTCA.  Accordingly, Plaintiff's abuse of process claim against ADA Patrick is
4  dismissed.

5       The Court denies Plaintiff's request to amend her abuse of process claim for the fifth
6  time because amendment in this case would be futile.  A district court has "particularly
7  broad" discretion in denying amendment when it has previously given leave to amend.
8  *Gonzalez v. Planned Parenthood*, 759 F.3d 112, 116 (9th Cir. 2014) (citations omitted).
9  "Futility of amendment can, by itself, justify the denial of . . . leave to amend." *Bonin v.*
10 *Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  While Plaintiff has had four opportunities to
11 file a complaint, she has not been able to cure the deficiencies identified by opposing
12 counsel and the Court.  After ADA Patrick moved to dismiss Plaintiff's abuse of process
13 claim on the same grounds the Court now rules on here, Plaintiff sought leave to amend
14 her complaint.  *See* Dkts. 62, 68–69.  The Court granted leave to amend, but Plaintiff failed
15 to address the deficiencies identified by opposing counsel.  *See* Dkt. 70.  When the Court
16 dismissed Plaintiff's SAC, it explicitly informed Plaintiff that she had not stated an abuse
17 of process claim for the same reasons described in this opinion.  *See* Dkt. 139.
18 Nevertheless, Plaintiff again chose not to address the deficiencies identified above.
19 Plaintiff's repeated failure to cure deficiencies, despite multiple opportunities to do so,
20 indicates that further leave to amend would be futile.  The Court therefore denies Plaintiff's
21 request for leave to amend.

**B. Plaintiff's Implied Covenant of Good Faith and Fair Dealing Claim is Dismissed**

23      Plaintiff fails to state a claim for violation of the implied covenant of good faith and
24 fair dealing against Allstate because she has not alleged that she was denied any insurance
25 benefits.  In order to adequately plead a violation of the implied covenant of good faith and
26 fair dealing against her prior insurance company, Plaintiff must plausibly allege that
27 "(1) benefits due under the policy were withheld; and (2) the reason for withholding
28 benefits was unreasonable or without proper cause." *Guebara v. Allstate Ins. Co.*, 237 F.3d

3

987, 992 (9th Cir. 2001). In the TAC, Plaintiff alleges that after she was in a car accident, Allstate wrongfully found her to be the party at fault and paid the other driver over $75,000. TAC ¶¶ 16–20. These facts do not sufficiently plead that Allstate withheld any benefits due to Plaintiff, let alone unreasonably or without proper cause. In fact, Plaintiff's primary complaint appears to be that Allstate wrongfully *paid* a claim to the other driver, not that Allstate withheld any benefits from her. Because Plaintiff has not pleaded the elements of an implied covenant violation, her claim against Allstate must be dismissed under Rule 12(b)(6).

At this time, the Court grants Plaintiff's request to amend her implied covenant of good faith and fair dealing claim against Allstate. Although the Court has broad discretion to deny Plaintiff's request to file a fifth complaint, *see Gonzalez*, 759 F.3d at 116, the Court notes that it previously dismissed Plaintiff's claim against Allstate on jurisdictional grounds. *See* Dkt. 139. Thus, although opposing counsel has identified the ways that Plaintiff's claim is deficient under Rule 12(b)(6) through multiple rounds of motions to dismiss, this is the first time the Court is doing so. Accordingly, the Court will give Plaintiff an opportunity to amend her implied covenant of good faith and fair dealing claim against Allstate with specific instruction to address the deficiencies identified in this opinion.

### III. CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant ADA Patrick's and Defendant Allstate's motions to dismiss the TAC [Dkts. 142, 146]. The remaining motions to dismiss are DENIED as moot. [Dkts. 144–45, 148, 150]. All Defendants aside from Allstate are dismissed from this action. Plaintiff may file an amended complaint against Allstate within 45 days of the date of this order.

**IT IS SO ORDERED**.

Dated: December 5, 2022

Hon. Jinsook Ohta
United States District Judge